IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MICHELLE YONEK )
    Plaintiff, )
)
v. ) Civil Action No. TMD 09-2905
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Michelle Yonek ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 9), and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 12). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is granted.

I. Procedural History

Plaintiff filed her application for SSI on September 30, 2001 alleging disability since December 15, 2000 (later amended to August 17, 2008, R. at 369, 402, 475) on the basis of bipolar disorder, asthma, bilateral carpal tunnel syndrome, arthritis, migraine headaches, knee

problems, alcoholism and prescription abuse. R. at 20, 66-68, 83-91. Her claim was denied initially and on reconsideration. R. at 50-52, 55-56. On December 9, 2003, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 33-47. Plaintiff was represented by counsel. In a decision dated January 8, 2004, the ALJ denied Plaintiff's request for benefits. R. at 17-28. The Appeals Council denied review on November 25, 2005, R. at 9-12, and the Plaintiff appealed to this Court. The Court reversed and remanded the case for further proceedings and the Appeals Council issued its remand order on January 19, 2007. R. at 317-19. A supplemental hearing was held on June 21, 2007, R. at 286-99, and by decision dated July 24, 2007, the ALJ again denied benefits. R. at 262-78. The Plaintiff appealed again to this Court which on October 7, 2008 again remanded the case for further proceedings. The Appeals Council issued its Order remanding the case to the ALJ on March 26, 2009. R. at 386-90.

A second supplemental hearing was held on August 12, 2009. R. at 470-98. On September 2, 2009, the ALJ again denied Plaintiff's claim. R. at 366-79. This became the final decision of the Commissioner subject to judicial review.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20 C.F.R. § §416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged amended onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: chronic obstructive pulmonary disease, asthma, degenerative joint disease of the knees, TMJ, a bipolar condition and

a history of alcohol abuse, in remission.  At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is not capable of performing her past relevant work. At step five, the ALJ concluded that given her residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. Accordingly, he concluded that Claimant was not disabled within the meaning of the Social Security Act.  R. at 366-79.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial

evidence. *Id.*

IV. Discussion

Plaintiff contends that the case should case should be reversed or remanded because the ALJ failed to follow the actions ordered by the Appeals Council. For the reasons discussed below, Defendant's Motion for Summary Judgment is granted.

At the outset, the Court notes that the failure of an ALJ to follow the precise dictates of an Order of Remand from the Appeals Council does not automatically warrant a remand. While 20 C.F.R. § 416.1477(b) states that on remand, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeal's Council remand order," the Commissioner's "final decision denying benefits must be affirmed unless the findings are based on legal error or are unsupported by substantial evidence." *See Vernoff v. A true,* 568 F.3d 1102, 1105 ( *citing Mayes v. Missionary,* 276 F.3d 453, 458-459 (9th Cir.2001)); *Gallegos v. Patel,* No. 97-2267, 1998 WL 166064, at *1 (10th Cir. April 10, 1998); *Wilkins v. Barnhart,* No. 02-4302, 2003 WL 21462579, at * 3 (7th Cir.2003); *Figaro v. As true,* No. CV 08-01615, 2010 WL 273168, at * 3 (C.D.Cal. Jan.14, 2010) ("regardless of whether the ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards"); *see also Brown v. Comm'r of Soc. Sec.,* No. 1:08-CV-183, 2009 WL 465708 (W.D.Mich. Feb.24, 2009) ("Whether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision. By failing to remand the matter a second

time, it appears that the Appeals Council considered the [second] ALJ's ... review to be in compliance with the Council's previous order of remand ... Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process"); *Bass v. Astrue,* No. 1:06-cv-591, 2008 WL 3413299 at *4 (M.D.N.C. Aug.8, 2008) ("[t]he Court does not review internal agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order"). Therefore, as we have previously held, regardless of whether the ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question of whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards. *See, e.g., Jose Fuentes v. As true,* Civil Action No. TMD 07-2007, (D.Md. Aug. 18, 2008).

Here, Plaintiff's sole argument is that the case should be reversed or remanded because the ALJ failed to follow the dictates of the Appeals Council's remand order. She asserts that the ALJ failed to obtain evidence from a medical expert to clarify the nature and severity of her impairments and failed to obtain medical source statements about what Plaintiff can do despite her impairments. R. at 388-90; *see also* R. at 369. Plaintiff does not provide anything further by way of argument.[1] The Court has reviewed the findings of the ALJ and finds that they are supported by substantial evidence.

---

[1] As discussed above, the Appeals Council issued two remand orders in this matter. The first one was dated January 19, 2007 and the second dated March 26, 2009. In reviewing this matter, the Court is mindful of the fact that Claimant amended her alleged onset date on the date of the second supplemental hearing to August 17, 2008 – significantly after each of the remand orders was issued.

At the outset, the Court notes that significant to this decision is the fact that at the second supplemental hearing, Claimant amended her alleged onset date from December 15, 2000 to approximately 8 years later - August 17, 2008.  R. at 402.  Consequently, the issue is whether Claimant was disabled during the period August 17, 2008 through September 2, 2009, the date of the ALJ decision.  *See Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir.2005) (*citing* 20 C.F.R. § 416.202-03 (2005)).

The medical evidence during the relevant time period is, as the ALJ noted, scant at best. On July 22, 2009, counsel for Plaintiff submitted medical records from Dr. Thomas Wilkerson for the period of time June 2, 2008 through March 31, 2009.  R. at 403-13. On June 2, 2008, notes indicate Claimant wanted to discuss birth control.  She reported some numbness in her legs and migraines.  R. at 406.  The ALJ notes a hospital admission in August, 2008 due to exacerbation of her respiratory impairment.  R. at 464.  Although admitted for five days, examination at discharge on August 22, 2008 revealed that she was in no acute distress, experienced "marked improvement in air flow", fine bibasilar crackles and scattered wheezes. R. at 465. Five days later, on August 27, 2008, Claimant followed up with Dr. Wilkerson. Examination was essentially normal and there was no mention of migraines or numbness but notes indicates she had suffered an alcohol relapse.  R. at 405.  Significantly, oxygen saturation was recorded at 95%.  *Id.*

On November 7, 2008, Claimant again followed up with her doctor and she was noted to have an oxygen saturation of 94%. .  R. at 404.  However, in March, 2009, Claimant was again admitted to the hospital for asthma exacerbation but was discharged the following day after her

6

condition improved. R. at 467-69. At discharge, she reported no shortness of breath or wheezing. R. at 468. On March 31, 2009, Claimant reported to Dr. Wilkerson who noted that although she had a cough, she was doing "good" on that day and her breathing was "getting better" although she still gets out of breath. R. at 403. Dr. Wilkerson further noted that her knees and feet cramped, her hips burned, and it took her 30 minutes to get out of bed. *Id*. He assessed poorly controlled COPD and asthma, bipolar disorder and anxiety, end stage degenerative joint disease and TMJ. *Id*.

The medical evidence during the relevant time period fully supports the limited RFC defined by the ALJ. The ALJ accounted for Claimant's respiratory and knee impairments by providing an option between sitting and standing such that not more than a half an hour is required to either sit or stand at any one time. R. at 373. The ALJ further included a limitation due to her respiratory condition to avoid concentrated exposure to excessive vibration and avoid excessive dusts, fumes, chemicals and humidity or wetness. The ALJ further accounted for Claimant's mental health conditions even though there was no evidence of any significant mental health treatment since the amended alleged onset date. R. at 376. However, given her history of treatment, diagnosed mental health conditions and multiple prescribed medications for that treatment, the ALJ provided for moderate limitations in concentration, persistence or pace. He also provided for low stress work and no climbing ladders, ropes or scaffolds, no exposure to hazardous heights or moving machinery or be exposed to extreme temperature changes. R. at 373. He also accounted for her above discussed knee limitations by eliminating kneeling or crawling and no pushing or pulling with

7

her legs. Nowhere does Plaintiff argue that the RFC is not supported by the medical evidence in the record.

In addition, the VE testified as to various jobs Claimant was capable of performing given her RFC. Again, Plaintiff does not argue any error here or whether further limitations should have been provided. Rather, again Plaintiff simply argues that the ALJ should have gathered additional evidence regarding what Plaintiff could do despite her impairments in accordance with the Order of the Appeals Council. Plaintiff presumably provided the only available medical evidence during the relevant time period and, as discussed above, it supports the RFC found by the ALJ. In addition, as pointed out above, the orders of the Appeals Council were also made <u>prior</u> to the date on which Claimant amended her alleged onset date; and therefore, were not tailored to the relevant time period.

<u>Conclusion</u>

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date March 28, 2011  _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

Copies to:
Stephen Shea, Esq.
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street